Mark BERGER, etc., et al., Plaintiffs,

Mark Berger, on Behalf of Himself
and All Others Similarly Situated,
Plaintiff–Appellee,

v.

COMPAQ COMPUTER
CORPORATION, et
al., Defendants,

Compaq Computer Corporation; Eck-
hard Pfeiffer; Earl L. Mason; John T.
Rose; John W. White; Robert W.
Stearns; Michael Winkler; Thomas J.
Perkins; J. David Cabello; Michael
Heil; Gregory E. Petsch; Kenneth L.
Lay; Benjamin Rosen; and Rodney
Schrock, Defendants–Appellants.

No. 00–20875.

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 2002.

Thomas Emerson Bilek, Hoeffner, Bilek
& Eidman, Houston, TX, Jules H. Brody,
Stull, Stull & Brody, David A. Brower
(argued), Jeffrey G. Smith, Wolf, Halden-
stein, Adler, Freeman & Herz, New York
City, for Plaintiff–Appellee.

John Loyd Carter, Vinson & Elkins,
Houston, TX, Daniel F. Kolb (argued),
William E. Wurtz, Michael S. Flynn,
Davis, Polk & Wardwell, New York City,
for Defendants–Appellants.

*ON PETITION FOR REHEARING
EN BANC*

Before SMITH, DUHÉ, and WIENER,
Circuit Judges.

PER CURIAM:

Treating the petition for rehearing en
banc as a petition for panel rehearing, the
petition for panel rehearing is DENIED.
No member of the panel or judge in regu-
lar active service having requested that
the court be polled on rehearing en banc,
*see* FED. R.APP. P. 35; 5TH CIR. R. 35, the
petition for rehearing en banc is DE-
NIED.

In support of their petition for rehear-
ing, plaintiffs urge that we have created an
additional, independent requirement for
the adequacy standard for class certifica-
tion under Federal Rule of Civil Procedure
23 by reading the provisions of the Private
Securities Litigation Reform Act of 1995
("PSLRA") into rule 23(a)(4).

This we have not done, nor have we
changed the law of this circuit regarding
the standard for conducting a rule 23(a)(4)
adequacy inquiry. Rather, we mean to
emphasize that Congress enacted the "lead
plaintiff" provisions of the PSLRA, 15
U.S.C. § 78u–4(a)(3)(B), to direct courts to
appoint, as lead plaintiff, the most sophisti-
cated investor available and willing so to
serve in a putative securities class action.
Insofar as possible following the procedure
prescribed by § 78u–4(a)(3)(B), the lead
plaintiff should be an investor capable of
understanding and controlling the litiga-
tion. We have not, however, created an
additional requirement under rule 23(a)(4)
that, after completing the process of se-
lecting the lead plaintiff and lead counsel,
a court may grant class certification only if
the putative class representative possesses
a certain level of experience, expertise,
wealth or intellect, or a level of knowledge
and understanding of the issues, beyond
that required by our long-established stan-

314

dards for rule 23 adequacy of class representatives.